# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cv99

| | |
|---|---|
| GEORGE TAYLOR, JR., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. This case is now before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & 13]. Upon a thorough review of the entire record, the pleadings, and the parties' briefs, the Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's motion [# 11].

## I. Procedural Background

Plaintiff filed an application for Social Security Income and Disability Insurance Benefits, alleging that he became disabled beginning August 1, 2005. (Transcript of Administrative Record ("T.") 188, 197.) Plaintiff also filed an

application for Supplemental Security Income. (Id.) The Social Security Administration denied his claims, finding that he was not disabled. (T. 108.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 118.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 27.) Plaintiff then amended his alleged onset date to September 24, 2007. (T. 270.) The ALJ issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 26.) Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ decision. (T. 1.) Plaintiff then brought this action seeking review of the Commissioner's decision

On September 29, 2011, Plaintiff filed his Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. The Court then entered an Order striking Plaintiff's motion and supporting brief. (Order Striking Mot. Summ. J., Mar. 22, 2012.) The Court reminded counsel for Plaintiff of the Court's warning in the Memorandum and Recommendation entered in Pyles v. Astrue, that:

> The Court notes that counsel for Plaintiff has numerous social security appeals pending before the Court. In many of these cases, counsel has filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will consider striking any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors.

Pyles v. Astrue, No. 1:11cv116, slip. op. at 6-7 n.2 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.); (Order Striking Mot. Summ. J., Mar. 22, 2012, p.1.). As the Court explained in its prior Order, Plaintiff is represented by the same counsel in this case, V. Lamar Gudger, III, Esq, and "[l]ike in Pyles, Plaintiff's Memorandum in Support of his Motion for Summary Judgment fails to cite legal authority supporting each of his alleged errors." (Order Striking Mot. Summ. J., Mar. 22, 2012, p.1.). Accordingly, the Court entered an Order striking the motion and supporting brief. The Court gave Plaintiff twenty (20) days to file a new motion and supporting brief. (Id. at p.2.) The Court, however, warned Plaintiff that it would "disregard any portion of the brief that is not supported by citations to legal authority." (Id.)

Plaintiff then filed a new Motion for Summary Judgment and supporting brief. Plaintiff, however, disregarded the Order of this Court and failed to include any legal authority supporting his first assignment of error. (Pl.'s Memo. Argument p. 10-16.) Plaintiff did not cite the Court to any legal authority supporting his legal argument that the alleged error by the ALJ requires remand. Plaintiff has, once again, simply thrown words on the page without any supporting legal authority with the hope that this Court will do the job of Plaintiff's counsel and determine whether any law supporting Plaintiff's argument exists. As the

Court warned Plaintiff in its prior Orders, this type of conduct from counsel would no longer be tolerated in this Court. Accordingly, the Court has disregarding Plaintiff's first assignment of error. By failing to comply with the Court's March 22, 2012, Order, Plaintiff has forfeited any argument regarding this assignment of error. The Court will only consider the lone assignment of error supported by any legal authority: that the ALJ failed to comply with the two-step process, as outlined in Hines v. Barnhardt, 453 F.3d 559 (4th Cir. 2006), for evaluating Plaintiff's credibility as to the scope of his pain.

## II.     Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-

related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his March 18, 2010, decision, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act. (T. 26.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through September 30, 2005.

(2) There is no evidence in the record that the claimant has engaged in any substantial gainful activity since September 24, 2007, his amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following sever impairments: arthritis, especially in his back, shoulder pain, complaints of hands hurting, mild left and right carpal tunnel syndrome, and mildly to moderately impaired memory functioning (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift up to 20 pounds occasionally and 10 pounds frequently. He needs simple, routine repetitive jobs due to possible depression for which he is one on medication. He also requires limited interaction with the public, co-workers and supervisors due to his alleged anger management issues.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on November 1, 1963, and was is now [sic] 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

(8) The claimant has a limited education and is able to communicate in English as he testifed that during the day he reads the Bible a little, which as indicated above, is not always easy reading (20 CFR 404.1564 and 416.964). Moreover, the vocational expert's summary of the claimant past relevant work per the Dictionary of Occupational Titles (Exhibit 9E) indicates that some knowledge of reading and writing were required in his prior jobs.

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, the undersigned finds that there were jobs that existed in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from September 24, 2007, his alleged onset date, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(T.19-26.)

**VI. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility

determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V.   **Analysis**[1]

Plaintiff contends that the ALJ applied the incorrect legal standard in assessing his statements regarding his symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

that a claimant suffers such an impairment and that it could reasonable be expected to produce the symptoms or pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

In contrast to Plaintiff's contention to the contrary, the ALJ applied this two step process in assessing his statements regarding his symptoms. The ALJ first determined that Plaintiff's medically determinable impairments could reasonably

be expected to produce the symptoms Plaintiff alleged. (T. 22.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 22.) The ALJ also provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 22-23.) For example, the ALJ pointed to inconsistencies in Plaintiff's testimony that he cannot work due to his aches and pains with the evidence in the record. (T. 22-23.)

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility; it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. Finally, upon a review the evidence in record and the transcript of the hearing, the Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible is supported by substantial evidence in the record. Accordingly, the Court finds that Plaintiff's contention that the ALJ erred in evaluating the frequency and severity of Plaintiff's symptoms is without merit.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 11], **DENY** Plaintiff's Motion for Summary Judgment [# 13], and **AFFIRM** the Commissioner's decision.

Signed: May 7, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).