# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv99

| | |
|---|---|
| GEGE E. TAYLOR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 11 and 13].

Pursuant to 28 U.S.C. §636(b) and a specific Order of referral of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition. On May 7, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 15] containing proposed conclusions of law in support of a recommendation regarding the parties' motions. The parties were advised of the time within which any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed.

The Plaintiff timely filed his Objections to the Memorandum and Recommendation and the Defendant filed Reply. [Doc. 16; Doc. 17].

## PROCEDURAL HISTORY

The Plaintiff does not lodge any objections to the Procedural Background, except as noted below, to the Standard for Determining Disability or Standard of Review as stated by the Magistrate Judge in the Memorandum and Recommendation. [Doc. 16]. He also does not object to the Magistrate Judge's statement of the relevant factual background although he does object to the legal standards applied thereto. [Id.].

Having conducted a careful review of these portions of the Memorandum and Recommendation, the Court finds that the Magistrate Judge's treatment thereof is correct and supported by the record.

## STANDARD OF REVIEW

This Court has statutory authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to

2

review under a *de novo* standard the proposed factual findings or legal conclusions of the Magistrate Judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

On March 22, 2012, the Magistrate Judge issued an Order striking the Plaintiff's first Motion for Summary Judgment (Doc. 9) because counsel had failed to cite any legal authority in support of the motion. [Doc. 12]. Plaintiff's attorney was provided a twenty day period within which to re-file a motion properly supported by legal authority. [Id.]. The Magistrate Judge warned counsel that he would "disregard any portion of the brief that is not supported by citations to legal authority." [Id. at 2]. The Plaintiff did not move for reconsideration of the Magistrate Judge's Order and it therefore became the law of the case. Fed.R.Civ.P. 72(a).

Counsel then filed the pending Motion for Summary Judgment. [Doc. 13]. In this motion, the Plaintiff's first assignment of error is that the

Administrative Law Judge (ALJ) failed to consider the Plaintiff's mental health impairments. [Doc. 14]. Despite the Magistrate Judge's prior warning, Plaintiff's counsel nonetheless failed to support the motion with citations to legal authority. [Id. at 10-16]. Instead of including legal support for his position, counsel merely repeated factual portions of the record which purportedly support his position. [Id.]. It is therefore not surprising that the Magistrate Judge found that the Plaintiff forfeited this assignment of error. [Doc. 15 at 4].

In the objection before this Court, counsel reiterates that he has extensively cited the factual sequence but, again, does not cite legal support. His sole argument is that the ALJ made "severe factual errors" with citation to his previous memorandum of law. However, merely referencing the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain de novo review of her entire case by merely [referencing] an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. Having conducted a careful review,

the Court finds the Magistrate Judge's application of law and conclusions therefrom correct as to this first assignment of error.

The Plaintiff's second objection is to the Magistrate Judge's conclusion that the ALJ applied the correct legal standard in assessing his credibility as to the scope of his pain. In support of this objection, counsel again refers repeatedly to the memorandum of law submitted to the Magistrate Judge. The Court rejects such references for the same reasons as noted above. Midgette, 478 F.3d at 621.

To the extent that the Plaintiff claims the ALJ's credibility determination was erroneous because it was based on an incomplete examination of the record, he fares no better. Neither the Magistrate Judge nor this Court "undertake[s] to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation and citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." Id.

The Court therefore accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 16] are hereby **REJECTED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 15] is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 11] is hereby **GRANTED** and the Plaintiff's Motion for Summary Judgment [Doc. 13] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **AFFIRMED** and this case is hereby **DISMISSED**.

The Clerk of Court is instructed to enter Judgment.

Signed: August 2, 2012

Martin Reidinger
United States District Judge